UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OPAL JEAN RAE,<br><br>               Plaintiff,<br><br>      v.<br><br>CAROLYN COLVIN,<br><br>               Defendant. | CASE NO. C13-2127JLR<br><br>ORDER AFFIRMING ALJ AND DISMISSING CASE |

## I.  INTRODUCTION

Before the court is the Report and Recommendation ("R&R") of Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 13)) and the Commissioner of the Social Security Administration's ("Commissioner") objections thereto (Objections (Dkt. # 14)). This is a social security disability benefits appeal. Plaintiff Opal Jean Rae was denied social security benefits after a hearing before an Administrative Law Judge ("ALJ"), and she appealed to this court. Magistrate Judge Theiler reviewed the decision of the ALJ and concluded that it should be reversed and remanded for an award of benefits. (R&R at 9-

ORDER- 1

10.) The court has examined the record in this case thoroughly and reaches the opposite conclusion. The court concludes that the ALJ's decision was supported by substantial evidence and was free of legal error. Accordingly, the court DECLINES TO ADOPT the R&R and instead AFFIRMS the decision of the ALJ and DISMISSES Ms. Rae's complaint with prejudice.

## II.   FACTUAL BACKGROUND

Ms. Rae is a woman in her mid-fifties who applied for and was denied social security benefits. (R&R at 1-2.) She alleges that she suffers from symptoms related to lumbar and sacrum injury, bilateral rotator injuries, hip injury, degenerative disc disease, and depression. (ALJ Dec. (Dkt. # 8-2) at 3.) Ms. Rae previously worked as a waitress, a bus driver, and a sales route driver. (R&R at 2.) Ms. Rae filed an application for Disability Insurance Benefits in January 2011, alleging that she had been disabled since October 2008. (*Id.*) Her application was denied initially and on reconsideration. (*Id.*) She timely requested, and received, a hearing in front of an ALJ, Ilene Sloan. (*Id.*) The ALJ held a hearing and heard evidence on June 18, 2012, and issued a decision shortly thereafter finding that Ms. Rae was not disabled and was not entitled to benefits. (ALJ Dec. at 1.) Ms. Rae appealed, but the Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. (R&R at 2.) Ms. Rae appealed to this court, and Magistrate Judge Theiler issued an R&R recommending that the decision of the ALJ be reversed and remanded for an award of benefits. (*Id.* at 10.)

### III. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id*. When no objections are filed, the court need not review de novo the R&R. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

Although review of an R&R is de novo, the court must defer to the ALJ's factual findings and may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). In this way, the court's review of the R&R is different from the court's review of the underlying decision of the ALJ. With respect to the underlying decision, the court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039

ORDER- 3

(9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

## IV.   DISCUSSION

The court may set aside the ALJ's decision only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss*, 427 F.3d at 1214. Magistrate Judge Theiler found that the ALJ made two findings that were not supported by substantial evidence. (*See* R&R.) First, Magistrate Judge Theiler found that the ALJ gave legally insufficient reasons for rejecting the opinion of a nurse named Cheryl LaFlore. (*Id.* at 6.) Specifically, Magistrate Judge Theiler found that the ALJ's reasons for discounting Nurse LaFlore's opinion were not supported by substantial evidence. (*Id.* at 5-6.) Second, Magistrate Judge Theiler found that the ALJ improperly found Ms. Rae's testimony at the hearing to be not credible. (*Id.* at 6-9.) Here again Magistrate Judge Theiler found that the ALJ's reasons for discounting Ms. Rae's testimony were not supported by substantial evidence. (*Id.* at 7.)

The Commissioner objected. (*See* Objections.) The Commissioner asserts that there was substantial evidence in the record to support all of the ALJ's conclusions. (*Id.* at 2.) The Commissioner argues that "the Court should affirm the ALJ's decision because it is supported by substantial evidence and free of harmful legal error." (*Id.*)

The court has thoroughly examined the ALJ's decision, the evidence supporting it, the briefing of the parties, and the balance of the record, and concludes that the ALJ's decision is free of legal error and that all of the ALJ's findings are supported by substantial evidence in the record.

ORDER- 4

First, the ALJ properly considered the opinion of Nurse LaFlore. The ALJ gave "little weight" to Nurse LaFlore's opinion. As Magistrate Judge Theiler correctly noted, there are two different categories of medical providers under the Social Security regulations—"acceptable medical sources" and "other sources." (R&R at 5.) Acceptable medical sources include licensed physicians and psychologists, while non-specified providers like nurses are considered "other sources." 20 C.F.R. § 404.1513(a); Soc. Sec. Ruling 06-03p. There is no dispute here that Nurse LaFlore is an "other source." Thus, in order to properly discount her opinion, the ALJ need only give "germane reasons" for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ provided germane reasons, and those reasons were supported by substantial evidence in the record. Specifically, the ALJ found that Nurse LaFlore's testimony was inconsistent with the remainder of the evidence in the record and with the opinions of several treating physicians:

> I give little weight to Ms. LaFlore's opinion because her opinion is inconsistent with the objective medical evidence, which shows that the claimant exhibited good range of motion and strength, and Ms. LaFlore's opinion is inconsistent with the opinion of Dr. Kinahan, the claimant's treating physician and surgeon. (10F, ps. 3-4 and 15F, p.6). Moreover, Ms. LaFlore is not an acceptable medical source. . . . As an advanced registered nurse practitioner, [she] is not a licensed physician and under the regulations, her opinion is entitled to less weight than the opinion of a licensed physician, particularly when her opinion is inconsistent with the great weight of the evidence.

(ALJ Dec. at 9.) The ALJ went into detail about the opinions of each of the acceptable medical sources whose opinions conflicted with Nurse LaFlore's opinion, including Dr. Kinahan and Dr. Moreno. (*Id.* at 7-9.) Indeed, much of the ALJ's decision is devoted to

explaining how Ms. Rae's symptoms allegations are inconsistent with the objective medical evidence. (*See, e.g.*, *id.* at 6-8.) Thus, it is evident from the ALJ's decision exactly how Nurse LaFlore's opinions conflicted with the rest of the medical evidence and why the ALJ credited that evidence over Nurse LaFlore's opinion. (*See id.*) The ALJ's reasons are germane and are supported by substantial evidence in the record. *See Molina*, 674 F.3d at 1111. Accordingly, the court will not disturb the ALJ's weighing of the evidence, and will not substitute its judgment for that of the Commissioner. *See Thomas*, 278 F.3d at 954. It is the job of the ALJ to determine credibility and to resolve conflicts in medical testimony such as this one. *See Andrews*, 53 F.3d at 1039. Here, there is substantial evidence supporting more than one rational interpretation—namely, that Ms. Rae's range of motion was not as limited as Nurse LaFlore believed it to be. Therefore, the court will uphold the ALJ's conclusion. *See Thomas*, 278 F.3d at 954.

The same is true with respect to the ALJ's credibility finding. The ALJ found that not all of Ms. Rae's symptoms allegations were credible. (ALJ Dec. at 6.) In order to properly reject a claimant's testimony, an ALJ must ordinarily provide "clear and convincing reasons" that are supported by substantial evidence in the record. *See, e.g.*, *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The ALJ is required to "build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003).

The ALJ did this. The primary reason for the ALJ's credibility finding was her conclusion that "the evidence shows that the claimant has exhibited good range of motion

ORDER- 6

and strength, and that her condition is not as severe as alleged." (*Id.*)  In other words, Ms. Rae's testimony conflicted with the available objective medical evidence.  (*See id.*)  The ALJ described this conflict in detail, citing to specific evidence:

> The minimal evidence shows that the claimant underwent physical therapy, and the notes from her therapy sessions reveal that her condition improved with each session. (16F, ps. 9, 10, 19, 20, 27, 30, 31, 32, and 35). Specifically, records show that the claimant improved her flexibility and her ability to lift overhead.  (16F, ps. 19, 20, and 30).  Physical examinations of the claimant further show that she exhibited only minimal objective findings, if any at all.  For example, Katherine Moreno, M.D., administered a consultative physical examination of the claimant.  (10F). Based upon an in-person examination of the claimant, Dr. Moreno found that the claimant had a normal gait and that she was able to toe- and heel-walk.  (10F, p.3).  Dr. Moreno also found that the claimant had normal range of motion in her cervical and lumbar spines, hip joints, knee joints, ankle joints, wrist joints, elbow joints, fingers, and left shoulder. (10F, ps. 3-4).  Dr. Moreno further concluded that the claimant had 5/5 motor strength throughout, and normal sensory functioning.  (10F, p.4).  Dr. Moreno also determined that the claimant had negative straight leg raising tests. (*Id.*)

(ALJ Dec. at 6.) The ALJ goes on to explain in further detail how the objective medical evidence does not support, and indeed conflicts with, Ms. Rae's account of her symptoms. (*See id.* at 6-8.)  The ALJ provided several other reasons for rejecting Ms. Rae's testimony as well, including (1) that her words and her actions regarding her ability to work were in stark contrast to one another because she continued to apply for jobs even while claiming she was unable to work; and (2) that, contrary to her symptoms allegations, "she exercises daily, has the ability to attend to her personal care needs, engages in household chores such as washing dishes and cooking, [and] drives to get from place to place . . . . (10F, p.2; 19F, p.6; and testimony)." (*Id.* at 7.)  These reasons are supported by substantial evidence, and the court finds them clear and convincing to a

sufficient degree to warrant discounting portions of Ms. Rae's testimony and finding her to be not completely credible.

Granted, the evidence could fairly be interpreted in a different manner, and indeed Ms. Rae advances a different interpretation of the evidence here. However, it is not the court's role on appeal to say which interpretation of the evidence is correct or to choose the version of the evidence that is more persuasive. *Thomas*, 278 F.3d at 954; *Andrews*, 53 F.3d at 1039. Instead, upon concluding that the ALJ provided clear and convincing reasons for discounting Ms. Rae's testimony and that those reasons were supported by substantial evidence, the court's task is complete. *Thomas*, 278 F.3d at 954; *Andrews*, 53 F.3d at 1039.

## V.  CONCLUSION

For the foregoing reasons, the court AFFIRMS the decision of the ALJ and DISMISSES Ms. Rae's complaint with prejudice. In addition, the court DECLINES TO ADOPT the R&R, which reaches a contrary conclusion, and DIRECTS the Clerk to send copies of this order to Ms. Rae, to counsel for the Commissioner, and to Magistrate Judge Theiler.

Dated this 12th day of September, 2014.

JAMES L. ROBART
United States District Judge